ROFF vs HARMON.

Opinion delivered October 5, 1901.

1. *Gambling Debt—Note For—Indorsement.*

In an action against the endorse of a note, a defense, interposed by the endorsee, that the note was solely for the purpose and consideration of betting upon a horse race, is virtually an attempt to recover property lost upon a wager, within the purview of Sec. 3403 Mansf. Dig. (Sec. 2337 Ind. Ter. Stat.), and must, therefore, be interposed within 90 days after paying over the note.

2. *Gambling Debt—Note for, Void.*

> In an action against the indorser of a note, an allegation by defendant that the note was indorsed solely for the purpose and consideration of betting same upon a horse race, states a good defense, under Sec. 3406 Mansf. Dig. (Sec. 2340 Ind. Ter. Stat.), which makes all bonds, notes or other securities given for such purpose void.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

Action by I. E. Harmon against Joe Roff and others on a note. Judgment for plaintiff. Defendant Roff alone appeals. Reversed.

On February 16, 1897, appellee Harmon and appellant Roff matched a horse race in the Chickasaw Nation, Ind. T. Roff, for his wager, bet the note sued on, less the credits then indorsed. Roff indorsed the note. The race was decided in Harmon's favor. At maturity of the note, October 15, 1897, Harmon sued Roff as indorser, and Pierce and Pruitt as makers. Harmon sought to disregard the credits, and sued for the face amount of the note. Roff alone answered. In his answer he pleaded the credits; that the note was indorsed solely for the consideration and purpose of betting upon the horse race; and, third, alleged fraud in the running of the race on the part of the plaintiff; and concludes that no liability exists against him in favor of the plaintiff. To this answer the plaintiff interposed a general and two special demurrers. The court sustained all these demurrers, except as to the credits claimed, and this issue alone was submitted to the master. He reported allowing the credits. The defendant declining to answer further, the court rendered judg-

ment for the plaintiff for the amount of the note, less the credits claimed, and decreed a foreclosure of the mortgage securing the note.   To all these rulings of the court the appellant in due season excepted.   In proper time he filed a motion for a new trial, which was overruled, exceptions thereto duly saved, and, within the time allowed by the court, prepared his bill of exceptions for appeal, and prays a reversal of the court below for error in this ruling.   Assignment of errors:   First, the court erred in sustaining the general and special demurrers to the defendant Roff's answer; second, the court erred in overruling appellant's motion for a new trial.

O. W. Patchell, for appellant.

Furman, Herbert & Mathers, for appellee.

GILL, J.   Appellant's first assignment of error is that the court erred in sustaining the general and special demurrers to the defendant's answer.   Section 3403, Mansf. Dig. (section 2337, Ind. T. Ann. St. 1899), provides as follows:   "Any person who shall lose any money or property at any game or gambling device, or any bet or wager whatever, may recover the same by action against the person winning the same; but such suit shall be instituted within ninety days after the paying over of the money or property so lost."   The defense interposed by the defendant below, Roff, to prevent the recovery by plaintiff below, Harmon, on the note indorsed and put up by said Roff, as stakes, is virtually and in effect an attempt to recover the property lost by him on the race.   That he might have recovered this note by proper action within 90 days, as provided in the above section of the statute, there is no doubt, and we think that it is equally clear that he has lost his right to recovery of the note by delay to bring such action; but the demurrer to defendant's answer was not properly sustained by the court below.   Section 3406, Mansf.

Dig. (section 2340, Ind. T. Ann. St. 1899), provides: "All judg-ments, conveyances, bonds, bills, notes, securities and contracts, where the consideration or any part thereof, is money or property won at any game or gambling device or any bet or wager what-ever, or for money or property lent to be bet on any game or gambling device, or any sport or pastime whatever, shall be void." The attempt is made in this action to charge the defendant on his contract of indorsement of the note. The consideration of the indorsement of the note, being a debt, makes the indorsement a gambling contract, and no recovery or valid judgment can be had against the indorser of the note, the appellant. The demurrer to the defendant's answer should have been overruled, and the is-sues submitted to a jury. Cause reversed and remanded, with directions to court below to overrule the demurrer to the answer, and proceed with the case according to law.

CLAYTON and RAYMOND, JJ., concur.